**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MONTANA**

In re

**JERRY WAYNE SCHUSTER**,

          Debtor.

Case No. **05-65049-13**

---

**LARRY G SCHUSTER**,

          Plaintiff.

-vs-

**JERRY WAYNE SCHUSTER**, and **NEW CENTURY MORTGAGE CORPORATION**,

          Defendants.

Adv No. **07-00047**

# MEMORANDUM OF DECISION

At Butte in said District this 23rd day of April, 2008.

The trial of this adversary proceeding was scheduled to be held at Great Falls on April 18, 2008. Plaintiff Larry Schuster appeared at the hearing pro se. Defendant/Debtor Jerry Wayne Schuster was represented at the hearing by attorney Gary S. Deschenes ("Deschenes") of Great Falls, Montana. Defendant New Century Mortgage Corporation ("New Century") was

1

represented by attorney Alan C. Bryan ("Bryan") of Billings, Montana. Because no pretrial order was submitted by the Plaintiff, as ordered by the Court, the Court prohibited Plaintiff from offering any evidence to support his claims for relief pursuant to FED. R. CIV. P. 37(b)(2)(A)(ii) (applicable in adversary proceedings under F.R.B.P. 7037) and FED. R. CIV. P. 16(f) (applicable under F.R.B.P. 7016). As a result, Plaintiff's claims for relief set forth in his complaint will be dismissed for failure of proof. After that decision, the parties reached a resolution of Defendant's counterclaim, thereby resolving all remaining matters pending in this adversary proceeding. This Memorandum sets forth the Court's findings of fact and conclusions of law pursuant to F.R.B.P. 7052.

## PROCEDURAL HISTORY

This adversary proceeding commenced when Defendant New Century Mortgage Corporation ("New Century") removed the pending litigation to this Bankruptcy Court from the Montana Eighth Judicial District Court, Cascade County, No. CDV-07-281, where Plaintiff had filed a complaint to quiet title to Unit 42 of the Devonshire Townhouse at 32nd St. South, Great Falls, Montana. Unit 42 was the subject of the Defendant/Debtor's bankruptcy filing, and New Century is a creditor with a claim secured by Unit 42. Debtor's confirmed Chapter 13 Plan provided for payment of New Century's secured claim.

The Plaintiff appeared and moved for leave to file documents conventionally instead of using the Court's electronic case filing ("ECF") system, which became mandatory effective January 3, 2005, for all trustees, attorneys and creditors appearing before the United States Bankruptcy Court for the District of Montana. The Court granted Plaintiff's request by Order entered on July 25, 2007 (Docket No. 7) and authorized him to file documents conventionally

2

until August 30, 2007, after which time he was required to file all motions and pleadings using the ECF system. The Court denied Plaintiff's motion to remand.

The Plaintiff has never registered for the Court's ECF system. On November 21, 2007, the Court ordered Plaintiff to appear and show cause on December 17, 2007, why he is not a registered ECF participant. After the December 17, 2007, hearing the Court ordered Plaintiff to contact the Clerk of the Bankruptcy Court on or before January 8, 2008, to arrange for ECF training. The Court's Order (Docket No. 55) advised that if Plaintiff failed to make arrangements to complete training the Court would order that pleadings submitted not using the ECF system would not be accepted. The Clerk dispatched a staff member to travel to Great Falls, at government expense, to train Plaintiff in the ECF system, but Plaintiff did not attend the training.

The Court held a scheduling conference, and entered a Scheduling Order (Docket No. 68) on January 9, 2008, setting deadlines including paragraph 5, page 2: "A pretrial order shall be filed with the Court on or before **April 11, 2008**. Plaintiffs' [sic] counsel shall be responsible for preparing the pretrial order and arranging the meeting of counsel thereto." No pretrial order was submitted by the Plaintiff prior to the April 18, 2008, trial date. No motion for extension was filed by the Plaintiff.

The Court entered another Order to Show Cause (Docket No. 76) on February 22, 2008, ordering the Plaintiff to appear and show why he still had not registered as an ECF participant, and set a hearing on March 21, 2008. After the hearing the Court entered an Order (Docket No. 92) and set a hearing prior to trial on sanctions against Plaintiff for civil contempt for failure to become a certified ECF user[1]. This Court also ordered Plaintiff to provide a current address and

---

[1]Sanctions were imposed by Order entered April 18, 2008 (Docket No. 103).

phone number to opposing attorneys.  Plaintiff failed to give opposing attorneys his current phone number.

Defendant/Debtor filed on April 11, 2008, his additions and changes to the pretrial order, Docket No. 97, but it was not signed by the Plaintiff.  New Century filed Docket No. 98, its portion of the pretrial order.  Plaintiff submitted exhibits by mail, and not using the ECF system as ordered, but never submitted a completed pretrial order.

The Court heard statements from the Plaintiff and Defendants' counsel regarding Defendants' attempts to submit their proposals for the pretrial order (Docket Nos. 97 and 98).  Plaintiff described his attempts to submit a pretrial order, but his failure to comply with the Court's scheduling Order remained plainly shown by the absence from the docket of a signed pretrial order.  Plaintiff admitted that as of the trial date he still had not submitted to the Clerk the paperwork necessary to complete his registration as an ECF participant.

The Court, pursuant to FED. R. CIV. P. 16(f)(1)(C)[2] (applicable in adversary proceedings under F.R.B.P. 7016) and FED. R. CIV. P. 37(b)(2)(A)(ii)[3], prohibited the Plaintiff from supporting his claims for relief in his case-in-chief with any evidence.

## DISCUSSION

If a party or a party's attorney fails to obey a court's scheduling order, the court may upon its own initiative make such orders as provided in Rule 37(b)(2)(B), (C), (D).  FED. R. CIV. P.

---

[2]Rule 16(f)(1)(C) provides in pertinent part that, "on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: * * * * (C) fails to obey a scheduling or other pretrial order."

[3]FED. R. CIV. P. 37(b)(2)(A)(ii) provides that if a party fails to obey an order, the court "may issue further just orders", including "ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence".

16(f).  Rule 37(b)(2)(A)(ii) gives the court authority to prohibit the disobedient party from supporting or opposing designated claims for defenses, or from introducing designated matters in evidence.  Rule 16(f)(1)(C) authorizes a court on motion or on its own, to issue any just orders including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:  "(C) fails to obey a scheduling or other pretrial order."

In addition, courts have inherent power to manage their own docket, and this power includes, when appropriate, dismissal of a case.  *Hamilton Copper & Steel, Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir.1990).  Dismissal is a harsh remedy and should only be imposed in "extreme circumstances".  *Id.*  Before resorting to dismissal of a case, the court should consider the availability of less drastic sanctions and the lack of prejudice to the defendant.  *Id.*

This Court wants cases to be heard and decided on the merits.  However, dismissal is appropriate in cases where the violations of the court's orders are particularly egregious. *Atchison, Topeka, and Santa Fe Railway Co. v. Hercules Inc.*, 146 F.3d 1071, 1073 (9th Cir.1998).  Rule 16(f) and 37(b)(2) "authorize district courts to prohibit the admission of evidence proffered by the disobedient party."  *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir.), *cert. denied*, 516 U.S. 822, 116 S.Ct. 84, 133 L.Ed.2d 42 (1995); *United States v. 68.94 Acres of Land*, 918 F.2d 389, 396 (3rd Cir. 1990); *Smith v. Rowe*, 761 F.2d 360, 366 (7th Cir. 1985).

This Court discussed Plaintiff's failure to submit a pretrial order and failure to comply with other orders of this Court at the hearing.  The procedural history of this case, including Plaintiff's failure to become a certified ECF participant despite two Orders to Show Cause,

5

demonstrate that the Court has considered less drastic measures, including those set forth in FED. R. CIV. P. 37(b)(2), but the Court finds that this case is particularly egregious and less drastic measures are inadequate given repeated violations of deadlines set by this Court. Based on Plaintiff's refusal to register as an ECF user and failing to file a pretrial order, the Court imposed the sanction provided under Rule 37(b)(2)(A)(ii) and prohibited Plaintiff from offering any evidence to support his claims for relief.

Plaintiff apologized and made several excuses for his failure to file the pretrial order, including blaming counsel for the Defendants for submitting their comments for the proposed pretrial order too late, which he stated he completely retyped. The Court was unpersuaded by Plaintiff's explanation. First, Plaintiff did not move for an extension of time to file the pretrial order before the deadline expired. "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." *Taylor v. Freeland & Kronz*, 503 U.S. 638, 644, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). Second, Plaintiff's time crunch to comply with the deadline was caused in part by his failure to provide Defendants with contact information so they could communicate with him. Third, his failure to comply with the Court's Rule and Orders to become a registered ECF user caused avoidable delays in filing and mail delivery.

After hearing from the Plaintiff, the Court was left with the impression that Plaintiff simply does not care what orders or deadlines this Court enters, and was determined to proceed on his own schedule and his own sequence. Without a signed pretrial order the Court concluded that it could not proceed with any trial, even though Defendants incurred the cost of appearing represented by counsel, and no lesser sanctions were available that would have had any reasonable likelihood of coercing the Plaintiff to comply with court orders and rules.

6

For the foregoing reasons, the Court prohibited Plaintiff from offering any evidence in support of his claims for relief pursuant to FED. R. CIV. P. Rules 16(f) and 37(b)(2)(A)(ii).

**IT IS ORDERED** a separate Order shall be entered in conformity with the above prohibiting Plaintiff from offering any evidence in support of his claims for relief pursuant to FED. R. CIV. P. Rules 16(f) and 37(b)(2)(A)(ii).

BY THE COURT

*Ralph B. Kirscher*

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

7